1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | SENSIVA HEALTH, LLC, et al.,

12 |             Plaintiffs,

13 |     v.

14 | UNIVERSAL MEDITECH, INC.,

15 |             Defendant.

Case No.  1:23-mc-00011-SAB

ORDER GRANTING PLAINTIFFS' MOTION TO SERVE BY PUBLICATION, AND EXTENDING TIME TO COMPLETE SERVICE

ORDER VACATING APRIL 12, 2023 HEARING

(ECF No. 14)

16
17
18

19

**I.**

20

**INTRODUCTION**

21 Currently before the Court is Plaintiffs Sensiva Health, LLC and Cormeum Lab Services,

22 LLC's (collectively, "Plaintiffs") motion to serve by publication.  (ECF No. 14.)   Having

23 considered the moving papers, the declarations and exhibits attached thereto, and the lack of filed

24 opposition, as well as the Court's file, the Court finds this matter suitable for decision without oral

25 argument.  See Local Rule 230(g).  Accordingly, the hearing currently set for April 12, 2023, will

26 be vacated and the parties will not be required to appear at that time.  For the reasons explained

27 herein, the Court shall grant Plaintiffs' motion.

28 ///

**II.**

**BACKGROUND**

On January 26, 2023, Plaintiffs initiated the instant action to register a foreign judgment from the Eastern District of Louisiana against Defendant Universal Meditech, Inc. ("Defendant"). (ECF No. 1.)  On January 30, Plaintiffs requested an abstract of Judgment.  (ECF Nos. 3, 4.)  The Court issued the abstract of judgment on January 31, 2023.  (ECF No. 5.)  Thereafter, Plaintiffs requested a writ of execution.  (ECF Nos. 8, 9.)  On February 6, 2023, the Court issued a writ of execution for each Plaintiff.  (ECF Nos. 10, 11.)  On February 21, 2023, Plaintiffs filed a motion to serve Defendant by publication.  (ECF No. 12.)  However, the court dismissed that motion due to its procedural and substantive deficiencies, without prejudice.  (ECF No. 13.)  On March 3, 2023, Plaintiffs filed the instant renewed motion for publication.  (ECF No. 14.)

**III.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).  Rule 4 also provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The California Code of Civil Procedure provides that: "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending

1   that the party to be served cannot with reasonable diligence be served in another manner specified

2   in this article and that either: (1) A cause of action exists against the party upon whom service is to

3   be made or he or she is a necessary or proper party to the action."   Cal. Civ. Proc. Code §

4   415.50(a)(1).

5           "Under California law, '[c]onsistent with the notions of fair play and due process,

6   substituted service by publication is a last resort when reasonable diligence to locate a person in

7   order to give him notice before resorting to the fictional notice afforded by publication has been

8   exercised.' "   Indian Hills Holdings, LLC v. Frye, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (quoting

9   Calvert v. Al Binali, 29 Cal. App. 5th 954, 963 (2018) (alteration in quoting source)).   " 'Personal

10  service remains the method of choice under the statutes and the constitution,' and '[w]hen

11  substituted or constructive service is attempted, strict compliance with the letter and spirit of the

12  statutes is required.' "   Id.

13          Service by publication can be effectuated under California law as follows:

14
                (b) The court shall order the summons to be published in a named
                newspaper, published in this state, that is most likely to give actual
15              notice to the party to be served.  If the party to be served resides or
                is located out of this state, the court may also order the summons to
16              be published in a named newspaper outside this state that is most
                likely to give actual notice to that party.  The order shall direct that a
17              copy of the summons, the complaint, and the order for publication be
                forthwith mailed to the party if his or her address is ascertained
18              before expiration of the time prescribed for publication of the
                summons.  Except as otherwise provided by statute, the publication
19              shall be made as provided by Section 6064 of the Government Code
                unless the court, in its discretion, orders publication for a longer
20              period.

21  Cal. Civ. Proc. Code § 415.50(b); see also Cal. Gov't Code § 6064 ("Publication of notice pursuant

22  to this section shall be once a week for four successive weeks.  Four publications in a newspaper

23  regularly published once a week or oftener, with at least five days intervening between the

24  respective publication dates not counting such publication dates, are sufficient.").

25                                          **IV.**

26                                     **DISCUSSION**

27          Plaintiffs move the Court for authorization to serve Defendant Universal Meditech, Inc.

28  by publication.  (ECF No. 14.)

**A.      The Court Finds a Cause of Action Exists Against the Unserved Defendant**

As an initial matter, the Court considers whether a "cause of action exists against" Defendant for jurisdictional purposes.  Cal. Civ. Proc. Code § 415.50(a)(1).

Under California law, "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact."  Harris v. Cavasso, 68 Cal. App. 3d 723, 726 (1977).  The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication.  Harris, 68 Cal. App. 3d at 726.  "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack."  Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 334 (1978).  The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication.  Harris, 68 Cal.App.3d at 726–27; see also Indian Hills Holdings, LLC, 337 F.R.D. at 302 ("Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant whom service by publication is requested.")  (quoting Rose v. Seamless Fin. Corp. Inc., No. 11cv240 AJB (KSC), 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013)).

Here, the "cause of action" is a judgment which Plaintiffs seek to enforce against Defendant. That is, there are no further "facts" Plaintiffs need to prove or establish to state a claim; rather, this claim has been adjudicated; the action is closed; and Plaintiffs merely seek to enforce the judgment that has already been issued.  (See ECF No. 5 (abstract of judgment issued); ECF Nos. 10, 11 (writs of execution issued).)  Further "facts" asserted by affidavit therefore seem unnecessary in light of the posture of the instant action, which the Court can also judicially notice.  Nevertheless, counsel for Plaintiffs also submits a declaration in support of the motion, which indicates Plaintiffs have a judgment against Defendant, which has been registered in California, and they intend to pursue enforcement of that judgment against Defendant—all of which is evident from the initiation of this matter.  (Marshall Decl. ¶ 10.)  The Court finds Plaintiffs have sufficiently demonstrated a "cause

1    of action" exists against Defendant for purposes of establishing the Court has jurisdiction over this

2    matter to issue an order granting Plaintiffs' motion to effect service by publication.  See Indian

3    Hills Holdings, LLC, 337 F.R.D. at 302.

4              **B.     The Court Finds Reasonable Diligence**

5         When a person is entitled to due process, process which is a mere gesture is not sufficient.

6    Donel, Inc., 87 Cal. App. 3d at 332; Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995).  Service

7    by publication is appropriate only where after reasonable diligence, the defendant's whereabouts

8    and his dwelling place or usual place of abode cannot be ascertained.  Watts, 10 Cal.4th at 749 n.5.

9    However, service by publication is a "last resort," so the courts require a plaintiff "to show

10   exhaustive attempts to locate the defendant."  Id.  "Reasonable diligence" in attempting to serve by

11   other methods connotes:

12
13
14
15
16
17
18

> [A] thorough, systematic investigation and inquiry conducted in
> good faith …  A number of honest attempts to learn defendant's
> whereabouts or address by inquiry of relatives, friends, and
> acquaintances, or of an employer, and by investigation of appropriate
> city and telephone directories, the voters' register, and the real and
> personal property index in the assessor's office, near the defendant's
> last known location, are generally sufficient.  These are likely
> sources of information, and consequently must be searched before
> resorting to service by publication.  However, the showing of
> diligence in a given case must rest on its own facts and neither single
> formula nor mode of search can be said to constitute due diligence in
> every case.

19   Kott v. Superior Ct., 45 Cal. App. 4th 1126, 1137–38 (1996) (internal citations and quotations

20   omitted); THC-Orange Cnty. Inc. v. Valdez, No. 17-cv-01911-LB, 2017 WL 2171185, at *2 (N.D.

21   Cal. May 17, 2017) (California requires exhaustive measures "to discover the defendant's

22   whereabouts and confirm his property holdings, including: 'searching phone books, online people

23   search tools, voter registries, or other common sources of information, or by hiring a private

24   investigator'; 'contacting relatives, friends, or neighbors'; and contacting the co-defendant (who

25   had been served) for the defendant's contact information.") (quoting Castillo-Antonio v. Azurdia,

26   No. C-13-05709 DMR, 2014 WL 4060219 (N.D. Cal. Aug. 14, 2014)).

27        Plaintiffs submit that, despite exhaustive efforts, they have been unable to serve Defendant

28   with the registration of judgment in this action.  More specifically, Plaintiffs started with the

1   Secretary of State's website, which indicates Defendant's principal place of business and mailing

2   address is located at 1320 E. Fortune Avenue, Suite 102, Fresno, California 93725.[1]  The agent of

3   service, Xiaoxiao Wang, is purportedly located at that same address.  (ECF No. 14-1 at 2.)

4   Plaintiffs' process server attempted service at Defendant's identified place of business and location

5   of its agent of service, but discovered the building was vacant.  (Id.; Marshall Decl. ¶ 5; Ex. A, ECF

6   No. 14-2 at 4–5 (Reyes affidavit of due diligence).)  Thereafter, another process server attempted

7   service at a known address of an officer of the company, Zhaoyan Wang; however, a resident of

8   that address stated that no person by that name lived there and was not knowledgeable about

9   Defendant's company.  (ECF No. 14-1 at 2; Marshall Decl. ¶ 6; Ex. B, ECF No. 14-2 at 6–7 (White

10  affidavit of due diligence).)

11          Counsel for Plaintiffs also conducted a Westlaw People Search for Xiaoxiao Wang, a

12  Westlaw Business Entity search, and multiple general internet searches for information on

13  Defendant, but to no avail.  (ECF No. 14-1 at 4; Marshall Decl. ¶¶ 7–9.)

14          Plaintiffs also hired an investigator, Craig Thomas, to perform a postal check/Freedom of

15  Information Act inquiry with the United States Postal Service to determine if any forwarding

16  address for Defendant's company exists.  (ECF No. 14-1 at 2–3.)  Mr. Thomas went to the Cedar

17  Annex of the US Postal Service and secured the written response that Defendant Universal

18  Meditech, Inc. had left the listed address without providing a forwarding address.  (Id. at 3; Thomas

19  Decl. ¶¶ 3–5, ECF No. 14-3.)  The Post Office has no further information as to where Defendant's

20  company moved.  (ECF No. 14-1 at 3; Thomas Decl. ¶ 5.)  Mr. Thomas also drove by Defendant's

21  listed office location, and confirmed it was empty with some debris inside, "as though Universal

22  Meditech vacated the building quickly."  (ECF No. 14-1 at 3; Thomas Decl. ¶ 6.)

23          Plaintiffs also hired TriStar Investigation LLC to conduct an investigation into where

24  Defendant is currently located and operating.  (ECF No. 14-1 at 3.)  However, this investigation

25

26  [1] Plaintiffs request the Court take judicial notice of the business entity details contained on the California Secretary of
    State's webpage pursuant to Federal Rule of Evidence 201. (ECF No. 14-4.) Plaintiffs' request is granted. See Reyn's
    Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); L'Garde, Inc. v. Raytheon Space & Airborne
27  Sys., 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial notice of records searches on the California Secretary
    of State corporate search website as the accuracy of such record searches "can be determined by readily accessible
28  resources whose accuracy cannot reasonably be questioned.")

1    only yielded the same address indicated on the Secretary of State's webpage.  (Id.; Marshall Decl.

2    ¶ 4.)   Counsel for Plaintiffs further confirmed with counsel for Defendant's former landlord,

3    Northpoint, that Defendant has vacated the premises.  (Marshall Decl. ¶ 4.)

4         Based on the foregoing, the Court finds Plaintiffs have adequately shown exhaustive efforts

5    and reasonable diligence to serve Defendant with the registration of judgment in this action,

6    sufficient to grant Plaintiffs' motion to serve by publication.   See Cal. Civ. Proc. Code §

7    415.50(a)(1); Watts, 10 Cal.4th at 749 n.5; THC-Orange Cnty. Inc., 2017 WL 2171185, at *2.

8         **C.    Publication via "The Business Journal"**

9         The Court notes Plaintiffs request authorization to serve by publication in the Fresno

10   Business Journal.  (ECF No. 14-1 at 4.)  Plaintiffs do not provide further proffers relating to "the

11   Fresno Business Journal," which is not well-taken.  Further, an independent search by the Court

12   yields no results for "the Fresno Business Journal," but the Court surmises Plaintiffs are referring

13   to "The Business Journal," which is an online publication providing business news to the Fresno,

14   Madera, Tulare, and Kings Counties.  See https://thebusinessjournal.com (last visited Apr. 5, 2023).

15        Plaintiffs also do not provide further proffers to demonstrate this publication is most likely

16   to give Defendant notice of the pendency of this action.  Nevertheless, the Court notes the Fresno

17   Business Journal is distributed throughout the Central Valley, which is inclusive of Defendant's

18   only known address.  Further, the Court judicially notes that The Business Journal is published

19   seven days a week online and hard copies are distributed every Friday or Monday, Wednesday, and

20   Friday to subscribers, based on subscription.  In addition, there is a "Public Notices" section of The

21   Business  Journal  at  which  several  notices  of  publication  appear  to  be  posted.    See

22   https://thebusinessjournal.com/public-notices/ (last visited Apr. 5, 2023).  While only subscribers

23   can access the full content of these postings, the Court notes previews of the first few lines of each

24   notice, which may contain identifying information, is freely accessible.

25        Further, The Business Journal complies with the requirements set forth under California

26   Government Code § 6000, which defines a "newspaper of general circulation" acceptable for

27   service by publication purposes as "a newspaper published for the dissemination of local or

28   telegraphic news and intelligence of a general character, which has a bona fide subscription list of

1  paying subscribers, and has been established, printed and published at regular intervals in the State,

2  county, or city where publication, notice by publication, or official advertising is to be given or

3  made for at least one year preceding the date of the publication, notice or advertisement." Cal.

4  Gov't Code § 6000. On this record, the Court finds that publication in The Business Journal

5  constitutes a sufficient method for service. See also, e.g., U.S. v. Approximately $141,932.00 in

6  U.S. Currency, No. 1:04-cv-6743 LJO TAG, 2008 WL 190878, at *6 (E.D. Cal. Jan. 18,

7  2008), report and recommendation adopted, 2008 WL 345864 (E.D. Cal. Feb. 4, 2008) (service by

8  publication was properly effected via The Business Journal, deemed "a newspaper of general

9  circulation" in Fresno County).

10  **D.     The Court Finds Good Cause to Extend the Time to Complete Service**

11  In light of Plaintiffs' efforts and diligence to serve Defendant, the Court additionally finds

12  good cause exists to extend the time to complete service in this action. Fed. R. Civ. P. 4(m).

13  Accordingly, the Court shall *sua sponte* extend the deadline to complete service to allow for

14  adequate time for Plaintiff to serve by publication.

15  **V.**

16  **CONCLUSION AND ORDER**

17  Based on the foregoing, IT IS HEREBY ORDERED that:

18      1.     The hearing on Plaintiffs' motion for publication, set for April 12, 2023, at 10:00

19             a.m. is hereby VACATED;

20      2.     Plaintiffs' motion to serve by publication, (ECF No. 14), is GRANTED;

21      3.     The deadline for Plaintiffs to complete service on Defendant Universal Meditech,

22             Inc. is extended for **sixty (60) days** after the entry of this order;

23      4.     In accordance with the requirements of California Civil Procedure Code § 415.50(b)

24             and California Government Code § 6064, **publication shall occur weekly for four**

25             **successive weeks**; and

26      5.     Plaintiffs shall begin the process of serving Defendant Universal Meditech, Inc. by

27             publication in "The Business Journal" **within fifteen (15) days** of the date of entry

28             of this Order.

8

1

2     IT IS SO ORDERED.

3     Dated:    **April 5, 2023**

UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28